IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDEPENDENT TRUST CORPORATION, | ) |
| Plaintiff, | ) ) ) No. 05 C 5749 |
| v. | ) ) The Honorable Rebecca Pallmeyer |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, a New York corporation, | ) ) Magistrate Martin C. Ashman ) ) |
| Defendant. | ) ) |

**MOTION FOR ENTRY OF JUDGMENT ON THE REMAINING
COUNTS OF THE SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE
FOR REINSTATEMENT OF FIDELITY'S PARTIAL MOTION TO DISMISS**

Defendant Fidelity National Title Insurance Company of New York ("Fidelity"), by and through its counsel of record, hereby requests this Court to enter judgment in its favor on the remaining counts in the Second Amended Complaint or, in the alternative, to reinstate and grant Fidelity's May 23, 2007 Partial Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss"). Fidelity's Motion to Dismiss was fully briefed and awaited ruling when Fidelity was required to file its motion for summary judgment on those counts not subject to the Motion to Dismiss. This Court thereafter held that its ruling on the motion for summary judgment would also be dispositive of the counts subject to the Motion to Dismiss. However, when this Court issued its ruling on Fidelity's motion for summary judgment, it did not apply its findings and rulings to the counts that were the subject of the Motion to Dismiss. Fidelity therefore requests this Court to apply the findings made in its ruling on Fidelity's motion for summary judgment to the remaining counts of the Second Amended Complaint and enter judgment in Fidelity's favor on each of those counts. In the alternate, Fidelity requests this Court

to reinstate the Motion to Dismiss and dismiss with prejudice the remaining counts of the Second Amended Complaint.

In support of its motion, Fidelity states as follows:

1. Independent Trust Corporation ("InTrust") commenced this action on October 5, 2005, asserting a single claim against Fidelity under the Illinois Uniform Fraudulent Transfer Act ("IUFTA"), alleging that in the Spring of 2000, Fidelity received certain assets from Jack Hargrove, Intercounty Title Company of Illinois ("Old Intercounty"), and/or ITI Enterprises, Inc. ("ITI") but did not give them reasonably equivalent value in exchange. Docket No. 1.

2. On June 30, 2006, InTrust filed its Amended Complaint, in which InTrust for the first time claimed that approximately $20 million of InTrust's money was contained in New Intercounty's escrow account during 2000 and that Fidelity converted for its own use those funds and defrauded both InTrust and the Illinois Department of Financial Institutions ("DFI"). Based on these new allegations, InTrust's Amended Complaint asserted eleven counts against Fidelity: (i) breach of contract; (ii) breach of fiduciary duty; (iii) fraud; (iv) fraudulent concealment; (v) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"); (vi) conversion; (vii) violation of the Illinois Title Insurance Act; (viii) fraudulent transfers under sections 5(a)(1), 6, and 5(a)(2) of the IUFTA; and (ix) unjust enrichment. Docket No. 29.

3. Fidelity moved to dismiss all counts of the Amended Complaint, and on March 30, 2007, this Court in part granted Fidelity's motion, dismissing Counts I (breach of contract), II (breach of fiduciary duty), IV (fraudulent concealment), VI (conversion), and VII (Illinois Title Insurance Act). *Independent Trust Corporation v. Fidelity National Title Ins. Co. of N.Y.*, 2007 WL 1017858 (N.D. Ill. 2007).

4.      On April 23, 2007, InTrust filed its Second Amended Complaint, which abandoned the breach of contract and conversion claims previously alleged in Counts I and VI of the Amended Complaint, but repleaded all the other counts that were previously dismissed. Docket No. 66.

5.      On May 23, 2007, Fidelity filed its Motion to Dismiss in which Fidelity moved to dismiss all the repleaded counts. Docket Nos. 77-79. InTrust filed its response to Fidelity's Motion to Dismiss on July 2, 2007, and Fidelity filed its reply on July 27, 2007. Docket Nos. 91, 102.

6.      While Fidelity's Motion to Dismiss was being briefed, the parties engaged in discovery as to the remaining claims asserted by InTrust. On May 19, 2007, this Court ordered that all dispositive motions and supporting memoranda be filed by August 31, 2007. Docket No. 75. This Court later extended that date to September 21, 2007. Docket No. 110.

7.      On September 6, 2007, this Court held a status conference in this case. As of that date, Fidelity's Motion to Dismiss was fully briefed but had not yet been ruled upon by this Court. Due to the fact that dispositive motions were required to be filed while the Motion to Dismiss was pending, this Court ordered that: "Dispositive motion date is extended to October 12, 2007 *for all counts not challenged in the motion to dismiss*; as to those counts, should the motion to dismiss be denied, the court will entertain a request for a further dispositive motion." Docket No. 112 (emphasis added) (attached as Exhibit 1).

8.      Pursuant to this Court's order, Fidelity filed its motion for summary judgment only as to those counts—Count III (fraud), Count V (CFA), Counts IX and X (IUFTA), and Count XI (unjust enrichment)—that were not subject to the pending Motion to Dismiss. Docket

Nos. 117-120. Thus, as of October 12, 2007, all the counts of the Second Amended Complaint were the subject of either Fidelity's Motion to Dismiss or its motion for summary judgment.

9. On March 19, 2008, after extensive briefing on Fidelity's motion for summary judgment and related motions to strike, this Court entered an order providing: "The court anticipates ruling promptly on Defendant's motion for summary judgment which is, as of today, fully briefed. *As that motion, if granted, would be dispositive of this case,* and as it raises some of the same arguments presented in the motion to dismiss, the earlier motion [to dismiss] (77) is stricken without prejudice." Docket No. 189 (emphasis added) (attached as Exhibit 2).

10. On August 26, 2008, this Court entered its Memorandum Opinion and Order on Fidelity's motion for summary judgment. Docket No. 201. Although this Court granted Fidelity's motion and entered judgment in Fidelity's favor on all the counts subject to that motion, this Court as yet has not gone back and applied that ruling to the counts subject to the Motion to Dismiss, as stated in this Court's March 19, 2008 order.

11. Since this Court has not yet applied its summary judgment ruling to the other counts of the Second Amended Complaint, Counts II, IV, VII, and VIII technically are currently pending against Fidelity.

12. Fidelity requests this Court to apply its ruling on Fidelity's motion for summary judgment to Counts II, IV, VII, and VIII of the Second Amended Complaint and enter judgment in Fidelity's favor on those counts. Alternatively, Fidelity requests this Court to reinstate Fidelity's Motion to Dismiss the Second Amended Complaint and dismiss with prejudice the remaining counts of the Second Amended Complaint.

CHGO1\31262101.1

I.  **FIDELITY IS ENTITLED TO JUDGMENT ON INTRUST'S BREACH OF FIDUCIARY DUTY CLAIM.**

13. In Count II of the Second Amended Complaint, InTrust alleges that by being appointed INTIC's trustee, Fidelity owed a fiduciary duty to all persons who deposited funds into New Intercounty's escrow account, including InTrust. Second Amended Complaint, ¶ 93. InTrust further asserts that Fidelity breached this duty by allegedly using that escrow money for its own benefit instead of returning it to InTrust and its account holders. *Id.*, ¶ 94.

14. In order for InTrust to sustain its claim for breach of fiduciary duty, it must show that "a fiduciary duty exists, that the fiduciary duty was breached, and that breach proximately caused the injury of which the plaintiff complains." *Independent Trust*, 2007 WL 1017858 at *21, *quoting Antotech Tech. Ltd. P'ship v. Automationdirect.com*, 471 F.3d 745, 748 (7th Cir. 2006). This Court, in granting Fidelity's motion for summary judgment, found that the uncontested facts show that Fidelity did not owe InTrust a fiduciary duty nor did Fidelity breach any such duty. Therefore, Fidelity is entitled to have judgment entered in its favor on Count II of the Second Amended Complaint.

15. This Court held that the InTrust cannot trace any of its (or its account holders') money into the New Intercounty escrow account at any time after January 2000. Mem Op., 22. It is undisputed that none of InTrust's funds were transferred "into accounts controlled by Hargrove, Capriotti, Old Intercounty, or New Intercounty after April 1999." *Id.*, 4. The only escrow account open in 2000 was the Harris Bank escrow account, and that account "was depleted and ran a negative balance from January 3, 2000 through January 13, 2000." *Id.* It is further undisputed that InTrust did not make any deposits into that account from January 14, 2000 through April 26, 2000. *Id.* Thus, it is undisputed that on June 26, 2000—the day Fidelity was appointed INTIC's trustee—none of InTrust's money was in New Intercounty's escrow

CHGO1\31262101.1

account and thus Fidelity could not have owed InTrust a fiduciary duty as INTIC's trustee. Where there is no fiduciary duty, there can be no claim for breach of that duty. Therefore, Since Fidelity is entitled to judgment on InTrust's claim for breach of fiduciary duty.

16. Fidelity is also entitled to judgment on this claim because there is no evidence that Fidelity ever breached any putative fiduciary duty. Indeed, in granting Fidelity summary judgment on InTrust's unjust enrichment claim, this Court held that:

> No evidence of any breach of fiduciary duty or fraudulent concealment is identified, and no further argument is made to support the claim that Fidelity committed such wrongs. Accordingly, InTrust has waived any argument that either breach of fiduciary duty or fraudulent concealment constituted Fidelity's wrongful conduct.

Mem. Op., 41.

17. For these reasons, Fidelity is entitled to judgment on InTrust's claim for breach of fiduciary duty in Count II of the Second Amended Complaint.

## II. FIDELITY IS ENTITLED TO JUDGMENT ON INTRUST'S FRAUDULENT CONCEALMENT CLAIM.

18. In Count IV of the Second Amended Complaint, InTrust claims that Fidelity owed InTrust a duty to disclose to it that InTrust's money was in New Intercounty's escrow account. Second Amended Complaint, ¶¶ 105-106.

19. In order to state a claim for fraudulent concealment, InTrust "must allege the existence of a fiduciary relationship which gives rise to the 'duty to speak.'" *Independent Trust*, 2007 WL 1017858 at *21.

20. As discussed above, this Court's ruling on Fidelity's motion for summary judgment establishes that there was no fiduciary relationship between InTrust and Fidelity because InTrust cannot trace any of its (or its account holders') money to the funds in New Intercounty's escrow account at any time in 2000. Because Fidelity did not owe a fiduciary duty

- 6 -

to InTrust, Fidelity likewise did not owe InTrust a "duty to speak." Therefore, Fidelity is entitled to judgment on InTrust's fraudulent concealment claim.

21. In addition, Fidelity is entitled to judgment on this claim because there is no evidence that Fidelity ever engaged in fraudulent concealment. Indeed, in granting Fidelity summary judgment on InTrust's unjust enrichment claim, this Court held that:

> No evidence of any breach of fiduciary duty or fraudulent concealment is identified, and no further argument is made to support the claim that Fidelity committed such wrongs. Accordingly, InTrust has waived any argument that either breach of fiduciary duty or fraudulent concealment constituted Fidelity's wrongful conduct.

Mem. Op., 41.

22. For these reasons, Fidelity is entitled to judgment on InTrust's claim for fraudulent concealment in Count IV of the Second Amended Complaint.

### III. FIDELITY IS ENTITLED TO JUDGMENT ON INTRUST'S CLAIM UNDER THE ILLINOIS TITLE INSURANCE ACT.

23. In Count VII of the Second Amended Complaint, InTrust alleges that Fidelity violated the Illinois Title Insurance Act by "knowingly assuming responsibility for InTrust's escrow funds" by allegedly making "material misstatement[s] or fraudulent misrepresentation[s] in relation to a matter covered by" the Act, and by not complying with "the standards of the Act that apply to escrow agents." Second Amended Complaint, ¶¶ 122, 125.

24. Section 25(a) of the Illinois Title Insurance Act provides that only "the person or persons charged for the settlement service involved in the violation" can bring a claim for actual damages under that Act. 215 ILCS 155/25(a). *See also Independent Trust*, 2007 WL 1017858 at *26 ("Section 25 provides for actual damages to 'the person charged for the settlement services involved in the violation.'"). InTrust alleges that its account holders were charged for settlement

services when Fidelity allegedly used their money, allegedly deposited into the New Intercounty escrow account, to fund the closings of INTIC customers. Second Amended Complaint, ¶ 124.

25. Fidelity is entitled to judgment on Count VII of the Second Amended Complaint because this Court's ruling on Fidelity's motion for summary judgment establishes that neither InTrust nor its account holders were charged for any settlement services in connection with INTIC customer closings. Fidelity is further entitled to judgment on this claim because this Court already held that Fidelity did not make any misrepresentations and because Fidelity could not have converted InTrust's money since that money was not in New Intercounty's escrow account in 2000.

26. Neither InTrust nor its account holders were charged for settlement services in connection with INTIC customer closings because it is undisputed that none of InTrust's or its account holders' money can be traced to New Intercounty's escrow account at any time in 2000. Fidelity was appointed INTIC's trustee on June 26, 2000, and on August 30, 2000 the DFI first authorized Fidelity to use the remaining money in New Intercounty's escrow account to fund the closings of INTIC's customers. Mem. Op., 12. Since InTrust's money was not in the New Intercounty escrow account at the time Fidelity was appointed INTIC's trustee or at the time when Fidelity first started using New Intercounty's escrow funds to fund INTIC's customers' closings, neither InTrust nor its account holders could have been charged for any of the settlement services involved in those closings. Therefore, InTrust lacks standing to bring a claim under the Illinois Title Insurance Act.

27. Fidelity is also entitled to judgment on this claim because InTrust cannot show that Fidelity "intentionally made a material misstatement or fraudulent misrepresentation in relation to a matter covered by" the Illinois Title Insurance Act. Second Amended Complaint,

- 8 -

CHGO1\31262101.1

¶ 122. This Court, in granting Fidelity summary judgment on InTrust's common law fraud claim, held that "InTrust has failed to produce evidence that Fidelity made false statements of material fact to the DFI." Mem. Op. at 21.

28. Fidelity is further entitled to judgment on InTrust's Illinois Title Insurance Act claim because it cannot show that Fidelity "misappropriated or tortiously converted to its own use, or illegally withheld, monies held in a fiduciary capacity...." Second Amended Complaint, ¶ 122. Since none of InTrust's or its account holders' monies were in New Intercounty's escrow account in 2000, Fidelity could not have "misappropriated or tortiously converted" InTrust's funds.

## IV. FIDELITY IS ENTITLED TO JUDGMENT ON INTRUST'S FRAUDULENT CONVEYANCE CLAIM IN COUNT VIII OF THE SECOND AMENDED COMPLAINT.

29. In Count VIII of the Second Amended Complaint, InTrust asserts a claim against Fidelity under Section 5(a)(1) of the IUFTA, 740 ILCS 160/5(a)(1), for allegedly receiving fraudulent transfers of escrow funds with the "actual intent to hinder, delay, or defraud" InTrust. Second Amended Complaint, ¶¶ 132-133.

30. Specifically, in paragraph 135 of the Second Amended Complaint, InTrust alleges that:

> Fidelity knew that InTrust had escrowed funds with Old Intercounty/ITI (as recently as April 1999), that InTrust had demanded that such funds be returned o it, that Fidelity had taken control of Old Intercounty/ITI's escrow account, that the DFI would not have approved the transfer of escrow funds to Fidelity if DFI knew the escrow account over which Fidelity had been give control contained InTrust escrow funds. Thus, by securing DFI's permission to convert the escrow funds to its own use without informing the DFI of all material facts and circumstances, Fidelity caused these transfers with actual intent to hinder, delay, or defraud InTrust—a creditor of Old Intercounty and ITI.

31. Fidelity is entitled to judgment on this claim because in granting Fidelity's motion for summary judgment, this Court held that Fidelity did not engage in any of this alleged conduct

and thus could not have acted with the required "actual intent to hinder, delay, or defraud." Where there is no "actual intent to hinder, delay, or defraud" there can be no claim under Section 5(a)(1) of the IUFTA. *In re Knippen*, 355 B.R. 710, 732 (N.D. Ill. 2006) ("'Fraud in fact' or actual fraud pursuant to § 160/5(a)(1) of the UFTA occurs when a debtor transfers property with the intent to hinder, delay or defraud his creditors. The moving party must prove that there was a specific intent to hinder, delay or defraud.") (citations omitted).

32. Although InTrust alleges that Fidelity defrauded the DFI, this Court held that "InTrust has failed to produce evidence that Fidelity made false statements of material fact to the DFI." Mem. Op. at 21. This Court also held that although "InTust contends that the DFI would not have made Fidelity trustee of the Harris Account if it had known of the InTrust deposit, it cites no evidence that would support that contention." *Id.* at 25. Further, this Court held that the InTrust cannot trace any of its or its account holders' money into the New Intercounty escrow account at any time after January 2000. Mem Op., 22. Therefore, Fidelity could not have converted any of InTrust's money. Quite simply, this Court has already found that Fidelity did not engage in any of the alleged conduct which InTrust claims shows Fidelity acted with "actual intent to hinder, delay, or defraud any creditor of the debtor." Therefore, Fidelity is entitled to judgment on this claim.

## V. ALTERNATIVELY, THIS COURT SHOULD REINSTATE FIDELITY'S MOTION TO DISMISS.

33. In its Motion to Dismiss, Fidelity demonstrates that InTrust failed to state any claim for relief against Fidelity in Counts II, IV, VII, and VIII of the Second Amended Complaint. That motion is fully briefed and provides an independent basis for dismissing each of these counts with prejudice.

**WHEREFORE**, defendant Fidelity National Title Insurance Company of New York requests this Court to apply the findings made in its ruling on Fidelity's motion for summary judgment to the remaining counts of the Second Amended Complaint, and enter judgment in Fidelity's favor on each of those counts. In the alternative, Fidelity requests this Court to reinstate its Partial Motion to Dismiss the Second Amended Complaint and dismiss with prejudice the remaining counts of the Second Amended Complaint. In either case, it is respectfully submitted that this Court should enter judgment in Fidelity's favor and terminate this action.

        FIDELITY NATIONAL TITLE INSURANCE
        COMPANY OF NEW YORK

        By:   s/ Albert E. Fowerbaugh, Jr.
               One of Its Attorneys

| | |
|---|---|
| Albert E. Fowerbaugh, Jr.<br>DLA Piper LLP (US)<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601-1293<br>Phone: 312-368-6804 | James S. Schreier<br>Eric P. Early<br>Christensen, Glaser, Fink,<br>   Jacobs, Weil & Shapiro, LLP<br>10250 Constellation Boulevard, 19th Floor<br>Los Angeles, California 90067<br>Phone: 310-553-3000 |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true copy of the preceding document was served on September 11, 2008 on all counsel of record, in accordance with Fed. R. Civ. P. 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                s/Albert E. Fowerbaugh, Jr.